MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

SUZANNE B. MILES (CABN 242048)
Assistant United States Attorney
     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7146
     FAX: (415) 436-7234
     suzanne.miles@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 13-CR-00276 WHA |
| | ) | |
| Plaintiff, | ) | STIPULATION AND [PROPOSED] INTERIM |
| | ) | PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| CESAR AGUSTIN CHAVEZ-OROZCO, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

     Plaintiff, United States of America, by and through MELINDA HAAG, United States Attorney for the Northern District of California, and Suzanne B. Miles, Assistant United States Attorney for the Northern District of California, and the defendant, Cesar Agustin Chavez-Orozco, and his attorney Steven Kalar, hereby stipulate and agree as follows:

     WHEREAS the defendant is charged in a one count Information charging violations of Title 18, United States Code, section 2252(a)(4)(B).  In connection with this Information, the United States is in possession of computer media, materials, and property that it alleges constitute and/or contain images and/or videos of child pornography.

     WHEREAS pursuant to Title 18, United States Code, section 3509(m), notwithstanding Fed. R. Crim. P. 16, courts are required to deny defense requests to copy, photograph, duplicate, or otherwise

reproduce any property or material constituting child pornography if the United States makes the property or material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.  18 U.S.C. § 3509(m).

WHEREAS in order to comply with Title 18, United States Code, section 3509(m), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendant agree that disclosure of the alleged contraband materials on the seized computer media are subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1.     The provisions of this Interim Protective Order apply to computer media, materials, and property that the United States alleges constitute and/or contain images and/or videos of child pornography ("alleged contraband materials").  Without conceding that each image and/or video within the alleged contraband materials constitutes child pornography, the defendant agrees that the provisions of this Interim Protective Order apply to the alleged contraband materials.  In the event of a dispute as to whether a specific image and/or video constitutes child pornography, the defendant agrees that the provisions of this Interim Protective Order apply unless and until the counsel for the United States agrees in writing that a specific image and/or video is not child pornography or the Court enters an Order to that effect.

2.     The following individuals (the "defense team") may obtain and examine the alleged contraband materials under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

      a.     Counsel for defendant;

      b.     Persons employed by defense counsel who are assisting with the preparation of the defense;

      c.     Defendant, but only in the presence of his/her attorney;

      d.     Any expert retained on behalf of the defendant to assist in the defense of this matter;

      e.     Any investigator retained on behalf of defendants to assist in the defense of this matter.

///

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No.13-CR-00276 WHA

3.      The United States shall make one forensic copy of all seized computer media ("defense hard drive") for the defense team.  The defense hard drive will be configured in a format requested by the defense team, provided that the tools required to configure the hard drive in the requested format are known to and available to the United States.  The defense hard drive shall be made available in a private room at the offices of the United States Attorney, 450 Golden Gate Avenue, San Francisco, CA, 94102, or any other location agreed upon by the parties (the "examination room").   The defense hard drive shall remain in the examination room at all times and shall not removed from the examination room by any member of the defense team.  The defense team will have access to the examination room during business hours, or on any other practicable terms that can be agreed upon by the parties, and will be escorted to and from the room by counsel for the United States or a person designated on his/her behalf. While the defense team is reviewing the defense hard drive, no agents of the United States will be permitted inside the examination room, except in the event of a building emergency that requires immediate access to the examination room.

4.      The examination room will have land-line phone access and a computer workstation that meets the minimum system requirements for the defense team to view the alleged contraband materials and/or install software for forensic analysis of the defense hard drive.  The computer workstation provided by the United States shall not be connected to the Internet or to any other computer network.  The defense team will be permitted to bring into the examination room whatever hardware, software, books, or records it believes necessary to conduct the examination, including a computer on which it may conduct a forensic analysis of the defense hard drive.   Any computer brought in by the defense team and used to conduct an examination of the defense hard drive shall not be connected to the Internet or to any other computer network.  The defense team will also be permitted to bring in and use a computer that provides internet access at its own expense, provided that any computer used to provide access to the internet is not connected to the computer used to examine the defense hard drive.  The defense team will be permitted to leave the computer work station provided by the United States and /or its own computer processing the defense hard drive in its absence.  While a computer used by the defense team is processing the defense hard drive in the absence of the defense team, no agents of the United States will

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No.13-CR-00276 WHA

3

be permitted inside the examination room, except in the event of a building emergency that requires immediate access to the examination room.  At the conclusion of defense team's use of the examination room, the workstation provided by the United States will be re-imaged.  Neither the United States nor its agents will review the defense team's configurations on the workstation at any time.

5.     If agreeable to all parties and practicable, a copy of the defense hard drive may be stored in a locked or restricted location designated by the United States for subsequent examination by the defense team, so that the United States will not have to reimage the defense hard drive for each examination by the defense team.  The integrity of this hard drive may be verified by the use of a container sealed with tamper-evident evidence tape.  When the defense team has advised counsel for the United States that it has completed its examination of the defense hard drive, the United States will re-image the hard drive to remove all data from the hard drive.  Neither the United States nor its agents will review the defense team's configurations on the defense hard drive at any time.

6.     The defense team shall not make copies of and shall not remove any images or videos from the alleged contraband materials without further Court Order.  This prohibition includes (1) printing images and images from videos onto paper and (2) duplicating images and videos in any digital format; (3) carrying images and videos off-site from the examination room; and (4) sending images and videos off-site electronically.  Non-image files such as word processing files, emails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter but only after the person duplicating the material has confirmed that the file does not contain any embedded image or video files. The defense team may remove printed notes and/or reports provided that the person seeking to remove the notes and/or reports has confirmed that the notes and/or reports do not contain any embedded image or video files.

7.     Prior to receiving access to the materials on any occasion, the defense team members involved in that examination shall sign a copy of this Certification to be filed with the Court acknowledging that:

        a.     S/he has reviewed the Order;

        b.     S/he understands the contents;

        c.     S/he will only access the defense hard drive for the purposes of preparing a defense;

d.      S/he will not access the defense hard drive from any computer that is connected to the Internet or any local network;

e.      S/he will not remove the defense hard drive or any alleged contraband materials from the examination room; and

f.      S/he understands that failure to abide by this Order may result in sanctions by this Court and in state or federal criminal charges for possession, transportation, receipt, or distribution of child pornography.

8.      Upon conclusion of any examination, the defense team members involved in that examination will certify in writing, to be filed with the Court, that s/he has not copied and has not removed the defense hard drive and/or any alleged contraband materials from the examination room.  Except when a member of the defense team involved in that examination fails to provide this certification, no employee of the United States will examine or acquire in any fashion any of the items used by the defense team to conduct its analysis.  If a member of the defense team fails to certify that s/he has not copied and has not removed any alleged contraband materials, the United States may inspect or examine the defense hard drive and any computer and computer media used by the defense team to ensure that contraband has not been removed.

9.      In the event that the defense team inadvertently removes any alleged contraband materials, it shall immediately inform counsel for the United States and return it to him/her within 24 hours.

10.     This Stipulated Order is a negotiated procedure by the parties in this case.  It does not constitute a concession or waiver by the United States regarding discovery procedures generally for providing access to child pornography under Title 18, United States Code, section 3509(m).  It also does not represent a stipulation by the defense team conceding the constitutionality of Title 18, United States Code, section 3509(m).  This Stipulated Order will permit the parties in the present case to avoid litigation regarding Title 18, United States Code, section 3509(m) but does not represent a waiver or concession in other or future cases.

11.     A copy of this Stipulation and Interim Protective Order shall be maintained with the alleged contraband materials at all times.

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No.13-CR-00276 WHA

1  12.     Any disputes concerning this Stipulation and Interim Protective Order shall be resolved by this

2  Court only after counsel for the United States and defendant have first conferred and attempted to

3  resolve the dispute.

4

5  SO STIPULATED:

6

7                                                              MELINDA HAAG
                                                              United States Attorney
8

9  DATED: May 21, 2013                         __/s/_____
                                                              SUZANNE B. MILES
10                                                            Assistant United States Attorney

11

12  DATED: May 21, 2013                        __/s/_____
                                                              STEVEN KALAR
13                                                            Attorney for Defendant's Name

14

15  SO ORDERED.

16

17  DATED: ___May 22, 2013._____          _____
                                                              HONORABLE WILLIAM ALSUP
18                                                            United States District Court Judge

19

20

21

22

23

24

25

26

27

28  STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
    CR No.13-CR-00276 WHA

                                                                                                      6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 13-CR-00276 WHA |
| | ) | |
| Plaintiff, | ) | CERTIFICATION TO INTERIM PROTECTIVE |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CESAR AGUSTIN CHAVEZ-OROZCO, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

The undersigned acknowledges that he has received a copy of the Interim Protective Order in the matter of United States v. Cesar Agustin Chavez-Orozco, 13-CR-00276 WHA, and has read, understands, and agrees to the terms of the Stipulation and Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms and punishment of any violations thereof.

Date: _____          _____
                                Name:
                                Title:

Having completed an examination of the defense hard drive, I hereby certify that I have not copied and have not removed the defense hard drive and/or any alleged contraband materials from the examination room.

Date: _____          _____
                                Name:
                                Title:

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No.13-CR-00276 WHA